# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CURTIS L. SPARKS, JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | **2:12-cv-02166-JEO** |
| **LINCOLN NATIONAL LIFE,** ) | |
| **DOMINITUE FOXWORTH,** ) | |
| **PRESIDENT, NFL PLAYERS** ) | |
| **ASSOCIATION,** ) | |
| **TYRON ALLEN, MANAGER,** ) | |
| **PLAYER ASSISTANCE TRUST** ) | |
| **FUND,** ) | |
| **GENE UPSHAW, MANAGER,** ) | |
| **PLAYER ASSISTANT TRUST FUND,** ) | |
| **BERT BELL, NFL PLAYERS** ) | |
| **ASSOCIATION,** ) | |
| **RETIREMENT PLAN MIAMI** ) | |
| **DOLPHINS, LTD,** ) | |
| **BOBBY BEATHFORD, ASSISTANT** ) | |
| **PERSONAL DIRECTOR AND TEAM** ) | |
| **OWNER,** ) | |
| **ROGER GOODLE, NATIONAL** ) | |
| **FOOTBALL LEAGUE, and** ) | |
| **STEPHEN ROSS, TEAM** ) | |
| **MANAGEMENT OWNER,** ) | |
| ) | |
| Defendants. **)** | |

### REPORT AND RECOMMENDATION

Before the court is Plaintiff Curtis L. Sparks, Jr.'s General Complaint Form for Pro Se Litigants (doc. 1), his motion for this court to grant him the authority to commence an action without prepayment of fees, costs, or security (doc. 2), and his amendment to the complaint filed pursuant to this court's direction (doc. 4). Upon consideration of the same, the court finds Plaintiff is indigent, but that this action is due to be dismissed for failure to state a claim.

On June 14, 2012, Plaintiff filed his complaint alleging that he "want[s] the courts to look into this matter concerning the $20,000 trust fund and who has the right to pay [] me [] and [whether] I should have received notification" and he seeks a "judgment for the amount of $2.5 million [] in damages for pain and suffering plus neglect by the Miami Dolphins to provide medical services." (Doc. 1 at 3). As best this court can discern, the events surrounding the claims occurred from 1974 through 1976. (*Id*. at 2-3). Accordingly, the court entered an order on June 15, 2012, affording Plaintiff two weeks to amend his complaint. Specifically, the court informed plaintiff that he had not identified the laws defendants allegedly violated or the jurisdiction of this court to hear these claims (see question three on the form Complaint). (Doc. 3). Additionally, the court notified Plaintiff that it questioned whether the claims are timely in view of the fact that Alabama law requires that "[a]ll actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years" and that any actions upon contracts must be commenced within six years. ALA. CODE §§ 6-2-34, 6-2-38(l). Finally, the court informed Plaintiff that the district courts of the United States are "courts of limited jurisdiction" possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). (Doc. 3 at 2).

The *in forma pauperis* motion is ready for determination.

## DISCUSSION

### Financial Status

This court "has wide discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. This is especially true, the rubric goes, in civil cases for damages,

wherein the courts should grant the privilege sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306-07 (11th Cir. 2004) (quoting *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975) (superseded by statute on other grounds)). However, the court may not arbitrarily deny an application to proceed *in forma pauperis* on erroneous legal grounds. *Id.* at 1307.

> When considering a motion filed pursuant to § 1915(a), the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty. An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is absolutely destitute to qualify for indigent status under § 1915. Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependants. In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements.

*Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)) (Internal quotations, citations, and footnotes omitted). According to his *in forma pauperis* affidavit (doc. 2), Plaintiff is disabled and receives $818.00 a month from "a fixed income." (Doc. 2 at 2). He has no money in checking or savings accounts. He has no real estate holdings. (*Id.*) He further states that he has debts of over $530,000.00 for unpaid doctor and hospital bills. (*Id.*) Plaintiff does not have anyone who is dependent upon him. The court finds that Plaintiff has demonstrated economic eligibility for *in forma pauperis* status.

**Frivolous Nature**

"Where the [IFP] affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question ... of whether the asserted

claim is frivolous." *Martinez*, 364 F.3d at 1307 (citing *Watson*, 525 F.2d at 891). "An issue is frivolous when it appears that 'the legal theories are indisputably meritless.'" *Ghee v. Retailers Nat. Bank*, 271 Fed. Appx. 858, 859 (11th Cir. 2008) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)). "In other words an IFP action is frivolous ... if it is 'without arguable merit either in law or fact.' More specifically, 'arguable means capable of being convincingly argued.'" *Id.* at 859-60 (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) and *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted)).

Plaintiff alleges that he retired from the National Football League in 1974 after sustaining various injuries while playing football. (Doc. 1 at 2). He then signed as a "free agent" while continuing medical treatment through the mid-1970s. (*Id.*) He retired from the Miami Dolphins in 1974. (*Id.* at 3). He was then denied access to the "BertBell/Pete Rozelle Retirement Plan" because of a lack of tenure with the League. (*Id.*) He subsequently received a $600.00 bonus he was entitled to receive. He also applied for various grants. He was notified that he had been approved for a $20,000.00 grant, but he never received the money. (*Id.*) It is this denial that he seeks to have the court "look into." He continues, stating that he should not have been denied his "contract pay" with the Dolphins for an unspecified three year period. (*Id.*) He seeks this money and damages for pain and suffering "while being released by Miami." (*Id.*)

Following this court's order to amend the complaint by specifying his claims and this court's jurisdiction, Plaintiff filed an amendment asking the court to dismiss Lincoln National Life/The Gene Upshaw Twenty Thousand Dollar Trust Fun. (Doc. 4). He also seeks to add Steven Ross, the Miami Dolphins' Football Team Management Owner. (*Id.*) Ross is to be added because Plaintiff believes he is due an additional $2,500.00 bonus from his time with the

4

Dolphins. (*Id*.)

Upon reviewing the entire file, the court concludes that Plaintiff's claims are barred by the lack of subject-matter jurisdiction. A federal court does not have diversity jurisdiction over this matter because the amount in dispute is well below the $75,000,00 minimum. *See* 28 U.S.C. § 1332. Additionally, as framed by Plaintiff, this is a contract dispute, which does not entitle him to damages for pain and suffering. To the extent Plaintiff seeks to raise a federal question claim under 28 U.S.C. § 1331, despite being afforded an opportunity to do so, he has failed to specify a basis for Federal jurisdiction.

The claims are also barred by the statute of limitations. At best, this action is filed over three decades too late. Most, if not all, of the complained of conduct occurred in the mid-1970s. None of which fits within the limitations periods applicable under the facts alleged. CODE OF ALABAMA §§ 6-2-34, 6-2-38(l) ("[a]ll actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years" and any actions upon contracts must be commenced within six years).

## CONCLUSION

Based on the foregoing, the court finds that while Plaintiff is indigent, his claims are due to be dismissed. More specifically, his request to proceed *in forma pauperis* (doc. 2) is due to be granted premised on his indigence and, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), his claims and the amendment thereto are due to be dismissed for failure to state a claim on which relief may be granted. It is so recommended.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), Fed. R. Civ. P., the plaintiff may file specific written objections to this report and recommendation within fourteen (14) days from

5

the date it is served. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within eleven (11) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.

**DONE**, this 23rd day of July, 2012.

/s/ John E. Ott
**JOHN E. OTT**
**UNITED STATES MAGISTRATE JUDGE**